# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DITECH FINANCIAL LLC, *et al.*,  )
                                        Plaintiffs )    Case No.: 2:15-cv-02381-GMN-NJK
   vs.                                    )
                                                 )    **ORDER**
SFR INVESTMENTS POOL 1, LLC, *et al.*, )
                          Defendants. )

Pending before the Court is the Motion for Summary Judgment, (ECF No. 66), filed by Plaintiffs Federal Housing Finance Agency ("FHFA"), in its capacity as Conservator for Federal National Mortgage Association ("Fannie Mae"), and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "Plaintiffs"). Defendant SFR Investments Pool 1, LLC ("SFR") filed a Response, (ECF No. 66),[1] and Plaintiffs filed a Reply, (ECF No. 121). Also before the Court is SFR's Motion for Summary judgment, (ECF No. 117). Plaintiffs filed a Response, (ECF No. 122), and SFR filed a Reply, (ECF No. 126).[2] For the reasons stated herein, Plaintiffs' Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND

The present action involves the interplay between Nev. Rev. Stat. ("NRS") § 116 and 12 U.S.C. § 4617 as it relates to the parties' interests in 89 different residential units located in Nevada (collectively "the Properties"). (Am. Compl. ¶ 25, ECF No. 24). In Plaintiffs' Amended Complaint and Motion for Summary Judgment, Plaintiffs provide a brief history for the 89 properties, including the respective dates that they acquired the deeds of trust ("DOTs")

---

[1] On October 17, 2018, SFR filed a Motion to Extend Time to respond to Plaintiffs' MSJ. (ECF No. 84). For good cause appearing, the Court grants this extension and considers SFR's response timely.
[2] Also before the Court is SFR's Motion to Dismiss, (ECF NO. 60). As SFR incorporates the same arguments in its Motion for Summary Judgment, this Order resolves both motions.

for each of the parcels. (*See id.* ¶¶25–114); (*See also* Charts, Ex. A to Pls.' MSJ, ECF No. 66-1); (DOTS, Ex. E to Pls.' MSJ, ECF No. 66-5).  In addition, Plaintiffs provide the date that each property was subject to a homeowners' association ("HOA") foreclosure sale under NRS 116. (*Id.*).  Based on their claimed ownership interest in the Properties, Plaintiffs seek to quiet title and obtain declaratory relief that their DOTs encumbering the Properties were not extinguished by the HOA foreclosure sales. (*Id.* ¶¶ 117–136).  The parties now move for summary judgment on this issue.[3]

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went

---

[3] The Court takes judicial notice of the matters of public record attached as exhibits in the respective parties' motions. *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth; it is to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn

in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

### III. DISCUSSION

Plaintiffs move for summary judgment on their quiet tile and declaratory relief claims, asserting that 12 U.S.C. § 4617(j)(3) (the "Federal Foreclosure Bar") compels the Court to find that the HOA's foreclosure sale did not extinguish Plaintiffs' DOTs on the Properties. (Pls.' MSJ 13:18–26, ECF No. 66).  In turn, SFR raises five arguments as to why the Federal Foreclosure Bar does not apply to this action: (1) the Court lacks jurisdiction; (2) Plaintiffs' claims are time-barred; (3) Plaintiffs fail to proffer admissible evidence; (4) Plaintiffs lack a property interest; and (5) FHFA consented to the extinguishment of the DOTs. (*See* SFR's MSJ 5:2–7:11); (SFR's Resp. 6:5–25:27, ECF No. 115).  The Court first addresses the threshold questions of jurisdiction and statute of limitations.

#### A. Subject Matter Jurisdiction

*1) In Rem Jurisdiction*

SFR argues that the Court lacks jurisdiction because four of the properties listed in the Amended Complaint are already subject to the *in rem* jurisdiction of the Eighth Judicial District Court of Nevada. (SFR's MTD 5:22–7:22, ECF No. 60).  These four properties are identified as: (1) Rolling Boulder; (2) Benezette Court; (3) Cimarron Cove; and (4) Sea Rock Road. (*See* Am. Compl. ¶¶ 47, 55, 62, 86).  According to SFR, "[t]he inclusion of the [] properties divests this Court of jurisdiction over the amended complaint." (SFR's MTD 7:21–22).

In response, Plaintiffs concede that the four properties should be dismissed from the action. (Pls.' MTD Resp. 4:3–5:5, ECF No. 65).  Additionally, Plaintiffs request voluntary dismissal of an additional two of the properties: Hazel Croft Way and Lady Lucille Court. (*Id.*); (*See* Am. Compl. ¶¶ 107, 109).

SFR provides no authority, nor is the Court aware of any, that the mere presence of the four at-issue properties divests the Court of jurisdiction over the remaining properties. The Court therefore rejects this argument. As to the four at-issue properties, the Court agrees it does not have jurisdiction based on the other pending actions. *See Marshall v. Marshall*, 547 U.S. 293, 311 (2006) ("[W]hen one court is exercising in rem jurisdiction over a res, a second court will not assume in rem jurisdiction over the same res."). The Court will therefore dismiss these properties from the Amended Complaint, along with the two additional properties that Plaintiffs voluntarily dismiss.

### 2) *Judicial Estoppel – Silver Brook Property*

SFR argues that the Silver Brook property should be dismissed from the action based on judicial estoppel. (SFR's MTD 9:1–11:24). Specifically, SFR contends that Nationstar Mortgage LLC ("Nationstar"), the recorded beneficiary of Silver Brook's deed of trust and authorized servicer for Freddie Mac, argued in a state court action that it was entitled to a distribution of excess proceeds obtained from the property's HOA foreclosure sale. (*Id.*). According to SFR, this position is inconsistent with Plaintiffs' current position that the HOA sale did not extinguish the DOT. (*Id.*).

In response, Plaintiffs argue that Nationstar's position was not inconsistent because Nationstar premised its argument on the DOT surviving the HOA sale. (Pls.' MTD Resp. 11:15–13:8); (*See* Nationstar Argument at 4, Ex. E to Pls. MTD, ECF No. 65-4). Specifically, Plaintiffs note that Nationstar argued for excess proceeds based on Freddie Mac's lien being the "next-most senior lien" after the HOA's superpriority lien was satisfied. (*Id.*). Thus, Plaintiffs contend that Nationstar's claim was not premised on the HOA sale extinguishing Plaintiffs' DOT. (*Id.*).

Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly

inconsistent position. *Rissetto v. Plumbers & Steamfitters Local 343,* 94 F.3d 597, 600–601 (9th Cir. 1996); *Russell v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir. 1990). In analyzing judicial estoppel, courts consider factors such as: (1) whether a party has taken a "clearly inconsistent" position; (2) whether the party succeeded in persuading a court to accept that earlier position; and (3) whether the party would derive an unfair advantage if not estopped. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 783 (9th Cir. 2001).

Here, the Court finds that SFR has not met the first prong of showing that Nationstar's prior statements were "clearly inconsistent." To the contrary, Nationstar explicitly premised its arguments on Plaintiffs' DOT surviving the HOA sale. While SFR asserts this position is irreconcilable with Nationstar's ability to obtain excess proceeds in the underlying state court action, the ultimate merits of Nationstar's arguments are separate from whether Nationstar's representations are inconsistent to this action. Accordingly, the Court rejects SFR's judicial estoppel claim.

**B. Statute of Limitations**

SFR argues that 53 of the properties in this action are time-barred based on a three-year statute of limitations under 12 U.S.C. § 4617. (SFR's MTD 7:23–8:21). Plaintiffs, in turn, argue that the properties are timely because the six-year statute of limitations applies under 12 U.S.C. § 4617. (Pls.' MTD Resp. 5:6–11:1). Alternatively, Plaintiffs argue that the state law statute of limitations applies. (*Id.*).

12 U.S.C. § 4617(b)(12) proscribes two different statutes of limitations for actions brought by FHFA depending on whether the claims sound in contract or tort. The limitations period for any contract claim is the longer of six years or "the period applicable under State law;" and for any tort claim, the period is the longer of three years or "the period applicable under State law." *See* 12 U.S.C. § 4617(b)(12).

Although this case does not clearly fit under either category, the Court finds Plaintiffs' claims more clearly sound in contract. At bottom, this action concerns the viability of Plaintiffs' lien interests against the Properties. As these liens were created by contract, an action to enforce those liens is necessarily a "contract action." *See Fed. Hous. Fin. Agency v. LN Mgmt. LLC, Series 2937 Barboursville*, No. 2:17–CV–03006–JAD–GWF, 2019 WL 1117900, at *5 (D. Nev. Mar. 11, 2019). Moreover, even assuming Plaintiffs' claims sounded in tort, Plaintiffs' claims would be timely under the 5-year state law statute of limitations for quiet title actions. *Deutsche Bank Nat'l Tr. Co. for Morgan Stanley ABS Capital I Inc. Tr. 2006-HE8 Mortg. Pass-Through Certificates, Series 2006-HE8 v. SFR Investments Pool 1, LLC*, No. 2:17–CV–00259–GMN–NJK, 2018 WL 615669, at *3 (D. Nev. Jan. 26, 2018). The Court therefore rejects SFR's statute of limitations argument.

**C. Federal Foreclosure Bar**

Plaintiffs request that the Court declare that 12 U.S.C. § 4617(j)(3) preempts NRS 116 such that the HOA foreclosure sales did not extinguish their interests in the Properties. The Federal Foreclosure Bar prohibits foreclosures of federally owned or controlled property "without the consent of the [Federal Housing Finance Agency]." 12 U.S.C. § 4617(j)(3) (2012); *see Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658 (9th Cir. 2017); *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015). The Ninth Circuit's decision in *Berezovsky v. Moniz*, 869 F.3d 923, 932 (9th Cir. 2017), confirmed that the Federal Foreclosure Bar preserves the property interests of the Federal Housing Finance Agency, including a government-sponsored enterprise of the Agency such as Fannie Mae, from an HOA's foreclosure sale under NRS 116.3116, if that sale occurred without the affirmative consent of the Agency. *Id.* at 927–32.

Here, Plaintiffs have presented business records supported by employee declarations, which show that Plaintiffs purchased the original loans secured on the Properties and

maintained ownership at the time of the respective HOA foreclosure sales. (*See* Charts, Ex. A to Pls.' MSJ, ECF No. 66-1); (DOTS, Ex. E to Pls.' MSJ, ECF No. 66-5). This evidence is materially the same as the evidence deemed sufficient in *Berezovsky*. Nonetheless, SFR raises a number of arguments going to the authenticity of the records, sufficiency of the agency relationships and property interests, recording documents, and consent to extinguishment. (*See* SFR's MSJ 5:2–7:11); (SFR's Resp. 6:5–25:27). This Court, as well as the Ninth Circuit, has explicitly rejected these arguments. *See BANK OF AMERICA, N.A., Plaintiff v. PUEBLO AT SANTE FE CONDOMINIUM ASSOCIATION, INC., et al., Defendants. Additional Party Names: Keynote Properties, LLC*, No. 2:16–CV–01199–GMN–CWH, 2019 WL 1338385, at *4 (D. Nev. Mar. 25, 2019); *Bank of Am., N.A. v. Palm Hills Homeowners Ass'n, Inc.*, No. 216–CV–00614–APG–GWF, 2019 WL 958378, at *2 (D. Nev. Feb. 27, 2019); *Williston Inv. Grp., LLC v. JP Morgan Chase Bank, NA*, 736 F. App'x 168, 169 (9th Cir. 2018); *Berezovsky v. Moniz*, 869 F.3d at 932. Defendants do not satisfy their burden of providing, or pointing to, any evidence that raises more than a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Accordingly, the Court finds that the HOA sales did not extinguish Plaintiffs' interests in the Properties, and the DOTs continue to encumber the same. The Court therefore grants summary judgment in favor of Plaintiffs.[4]

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment, (ECF No. 66), is **GRANTED** pursuant to the foregoing.

**IT IS FURTHER ORDERED** that SFR's Motion for Summary Judgment, (ECF No. 117), is **DENIED**.

---

[4] As the Court finds summary judgment appropriate based on the evidence in the record, the Court denies SFR's request to extend discovery, (ECF No. 116).

**IT IS FURTHER ORDERED** that SFR's Motion for Relief under Fed. R. Civ. P. 56(d), (ECF No. 116), is **DENIED**.

**IT IS FURTHER ORDERED** that SFR's Motion to Dismiss, (ECF No. 60), is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that SFR's Motion to Extend Time, (ECF No. 84), is **GRANTED**.

The Clerk of Court shall enter judgment accordingly and close the case.

**DATED** this 30 day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court