Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228
lhart@fclaw.com; jtennert@fclaw.com
*Attorneys for Plaintiff Federal Housing Finance Agency and Federal Home Loan Mortgage Corporation*

(Admitted *Pro Hac Vice*)
John H. Maddock III, Esq.
Tennille J. Checkovich, Esq.
Michael W. Stark, Esq.
MCGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: 804-775-1000
jmaddock@mcguirewoods.com
tcheckovich@mcguirewoods.com
mstark@mcguirewoods.com
*Attorneys for Plaintiff Federal Home Loan Mortgage Corporation*

Amy F. Sorenson, Esq. (SBN 12495)
Erica J. Stutman, Esq. (SBN 10794)
Robin E. Perkins, Esq. (SBN 9891)
Kelly H. Dove, Esq. (SBN 10569)
SNELL & WILMER LLP
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Tel: (702) 784-5200
asorenson@swlaw.com;estutman@swlaw.com;
rperkins@swlaw.com; kdove@swlaw.com
*Attorneys for Plaintiff Federal National Mortgage Association*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

FEDERAL HOUSING FINANCE AGENCY, in its capacity as Conservator of Federal National Mortgage Association and Federal Home Loan Mortgage Corporation; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOME LOAN MORTGAGE CORPORATION,

Plaintiffs,

vs.

SFR INVESTMENTS POOL 1, LLC, a Nevada Domestic Limited Liability Company,

Defendants.

CASE NO. 2:15-cv-02381-GMN-NJK

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

## INTRODUCTION

The district-court phase of this case ended months ago; the action is now with the Ninth Circuit on SFR's appeal.[1] Yet SFR asks this Court to interrupt that appeal and reverse itself on

[1] Any capitalized terms not defined in this brief are defined in Plaintiffs' Motion for Summary Judgment (ECF No. 66).

an issue SFR can and should simply present in the appeal—whether the existing record warranted summary judgment without further need for discovery. Neither extraordinary circumstances nor good cause supports SFR's motion for reconsideration, and regardless, this Court's summary judgment ruling was thoughtfully considered and entirely correct. The Court should deny SFR's motion.

SFR has a strong economic incentive to pursue pointless discovery and to otherwise prolong the litigation so that it can collect extra months of rent until the Ninth Circuit finally resolves this case. The most efficient way to move this case to final resolution is to deny SFR's Motion for Reconsideration and let this matter proceed to a decision by the Ninth Circuit. The Ninth Circuit is familiar with Federal Foreclosure Bar litigation and has already affirmed a decision from this Court that rejected a Rule 56(d) request for more discovery. If the Ninth Circuit likewise affirms this Court's order, then all the courts in this District will receive on-point guidance sooner that Rule 56(d) relief is unnecessary in cases like this.[2] But if this Court issues an indicative ruling to grant Rule 56(d) relief, then the Ninth Circuit's final resolution of these cases, which backlog the federal courts in Nevada, could easily be delayed.

**BACKGROUND AND PROCEDURAL HISTORY**

This case is a quiet title action concerning 83 properties. The facts about each property are materially the same: for each property, a borrower obtained a loan that was eventually acquired by one of the Enterprises. (ECF No. 127). Each property was also subject to a foreclosure sale initiated by an HOA to recoup overdue assessments; at the time of each HOA Sale, the Enterprise continued to own each Loan, with one of two types of entities appearing as record beneficiary of the associated deed of trust: (1) the Enterprise's contractually authorized servicer; or (2) MERS, as nominee for the Enterprises. (*Id.*)

This case was subject to a complete stay that was lifted on July 17, 2018, when the Court entered the parties' stipulated scheduling order in which Plaintiffs informed SFR that they

[2] As explained *infra*, the Ninth Circuit has already affirmed an award of summary judgment that included a denied Rule 56(d) motion. But parties like SFR appear unpersuaded until the Ninth Circuit directly—and in no uncertain terms—rejects their meritless arguments.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

intended to file a Motion for Summary Judgment and a Motion to Stay Discovery. (ECF No. 56.) During the subsequent two months, the Enterprises made initial disclosures and produced Enterprise business records and publicly recorded documents. SFR did not seek any depositions or issue any interrogatories. Then, on September 18, 2018, Plaintiffs filed a motion for summary judgment. (ECF No. 66). On September 21, 2018, Plaintiffs also filed a motion to stay discovery pending adjudication of their summary judgment motion, (ECF No. 70).

Not until December 4, 2018, did SFR serve notices of Rule 30(b)(6) depositions on Fannie Mae and Freddie Mac. (ECF No. 100-1). Thus, SFR did not seek a deposition until more than *four months* after Plaintiffs informed SFR that they intended to move for summary judgment, and over *two months* after Plaintiffs filed their Motion for Summary Judgment.

Following motions practice with regard to various discovery disputes, Magistrate Judge Koppe stayed all discovery "on an interim basis pending resolution of the pending motion to stay discovery." (ECF No. 114.) On February 6, 2019, SFR filed its Opposition to Plaintiffs' Motion for Summary Judgment and a Counter-Motion for Rule 56(d) Relief. (ECF Nos. 115, 116.) And in each of SFR's discovery-related filings, it made substantially the same arguments it makes here.

On March 30, 2019, this Court granted Plaintiffs' Motion for Summary Judgment, finding that Plaintiffs' evidence—in the form of business records, a supporting declaration, and the Guide—was evidence "deemed sufficient" by the Ninth Circuit to prove that the Enterprises owned each loan. (ECF No. 127 at 7-8.). This evidentiary finding is substantially supported by Ninth Circuit authority. As a result, this Court rejected SFR's Rule 56(d) request because the Ninth Circuit "has explicitly rejected" each of the arguments SFR made to challenge Plaintiffs' evidence and the clerk entered judgment the next day. (ECF Nos. 127, 128).

On April 29, 2019, SFR timely appealed, thereby transferring jurisdiction over this matter to the Ninth Circuit. In that appeal, SFR has contended in its Ninth Circuit mediation questionnaire that "it was an abuse of discretion [for this Court] to reject its Rule 56(d) request." Notice of Appeal *Fed. Hous. Fin. Agency v. SFR Invs. Pool 1, LLC*, No. 19-15910, ECF No. 2 (9th Cir. May 7, 2019).

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

## LEGAL STANDARD

### I. This Court's Jurisdiction During Pendency of an Appeal

"Once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed." *Nat. Res. Def. Council, Inc. v. Southwest Marine Inc.*, 242 F.3d 1163, 1166 (9th Cir. 2001). However, Rule 62.1 allows a district court to take certain, limited actions in response to motions filed during the pendency of an appeal. Fed. R. Civ. P. 62.1. Under this rule, a district court that lacks jurisdiction to grant the moved-for relief because of a pending appeal may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. *Id.* 62.1(a).

### II. Motion for Reconsideration

Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. Fed. R. Civ. P. 60(b); *see also De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000). However, a court may only grant Rule 60(b) relief in "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017).

While disposition of a motion for reconsideration is within the district court's discretion, *Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 915 (9th Cir. 2006), that motion is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir.1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion). Reconsideration is not a mechanism for parties to make new arguments that could reasonably have been raised in their original briefs. *see Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

///

///

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

**III. Rule 56(d) Relief**

When considering a party's Rule 56(d) request for discovery, the Ninth Circuit asks a district court to consider four factors: (1) whether the movant had sufficient opportunity to conduct discovery; (2) whether the movant was diligent; (3) whether the information sought is based on mere speculation; and (4) whether allowing additional discovery would preclude summary judgment. *See Martinez v. Columbia Sportswear USA Corp.*, 533 F. App'x 760, 761 (9th Cir. 2014) (citing *Qualls By and Through Qualls v. Blue Cross of Calif., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994); *Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002); *Nordstrom, Inc. v. Chubb & Son, Inc.*, 54 F.3d 1424, 1436-37 (9th Cir. 1995); *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012)). To prevail on its Rule 56(d) request, a party must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619-20 (9th Cir. 2017).

## ARGUMENT

**I. SFR Has Failed to Meet Its Burden for Reconsideration**

SFR's Motion for Reconsideration merely rehashes its arguments previously made and rejected by this Court. For this reason alone, this Court should reject SFR's Motion for Reconsideration. *Kona Enters.*, 229 F.3d at 890. But this Court should also deny SFR's motion because SFR does not raise any new law, new facts, or other "extraordinary circumstances" that could otherwise justify Rule 60(b) relief.

Instead, SFR's sole theory supporting its Motion for Reconsideration is reference to a single instance in which this Court granted *limited* and *discretionary* Rule 56(d) relief in similar litigation. See ECF No. 132 at 6-7 (citing *Fannie Mae v. SFR Invs. Pool 1, LLC,* No. 2:18-cv-001584-GMN, 2019 WL 2176918, at *4-5 (D. Nev. May 20, 2019) (*McCloud*)).[3] But the

[3] McCloud refers to the last name of the borrower in that case. Using the last name of borrowers is an effective method to distinguish the hundreds of HOA foreclosure cases that otherwise have identical parties.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

*McCloud* order is an outlier among the vast majority of decisions in this District that deny Rule 56(d) relief because the Ninth Circuit repeatedly deems evidence materially identical to that in the record as "sufficient" to establish an Enterprise's property interest. Indeed, the Ninth Circuit affirmed an order granting summary judgment that also rejected a Rule 56(d) request. *Elmer v. JPMorgan Chase Bank, NA*, 707 F. App'x 426, 428 (9th Cir. 2017). And in *Elmer*, the Ninth Circuit described Enterprise business records as "reliable and uncontroverted," indicating that the accuracy of Enterprise business records could not be contradicted and therefore implicitly recognized that the appellant's Rule 56(d) request was pointless. Accordingly, this Court need not have granted Rule 56(d) relief in *McCloud*.

In any event, the circumstances of this case differ materially from those underlying *McCloud*. In that case, the plaintiff filed a motion for summary judgment less than three months after filing the complaint. The Court relied upon this "pre-discovery" posture as the primary reason to grant relief, *McCloud*, 2019 WL 2176918, at *5. Here, in contrast, SFR received discovery, including all of the business records that Plaintiffs produced in response to SFR's Requests for Production. Next, the *McCloud* decision was a *discretionary* order that cannot constitute new or controlling authority on any issues in this case. And unlike this Court's decision in *this* case, the *McCloud* decision did not conduct any analysis of the business record evidence supporting that plaintiff's summary judgment motion. Here however, this Court conducted a full evidentiary review of the business records supported by employee declarations and concluded that SFR's evidentiary arguments failed in light of Ninth Circuit authority. (ECF No. 127 at 7-8). Consequently, this Court correctly concluded that there was no basis to grant Rule 56(d) relief. Finally, the *McCloud* Court's conclusion that Fannie Mae's business record evidence "does not . . . constitute[] irrebuttable proof" of Fannie Mae's ownership of that loan was contrary to Ninth Circuit authority explaining the basis of the business records exception of the hearsay rule. Specifically, the Ninth Circuit stated that the "basis for the business record exception is that *accuracy is assured*" because businesses rely on those records to conduct their daily activities. *City of Long Beach v. Standard Oil Co. of California*, 46 F.3d 929, 937 (9th Cir. 1995) (emphasis added). Yet here, SFR has not offered *any* argument or pointed to *any* evidence

from its long history of litigating Federal Foreclosure Bar cases that there are any indicia of unreliability with the Enterprise business records supporting Plaintiffs' motion for summary judgment. For example, SFR has never identified any internal inconsistencies, omissions, or unexplainable anomalies in the material sections of the business records, and has not pointed to any contradictory evidence that might question the assured accuracy of Enterprise business records as to whether the Enterprise owned a loan. Indeed, as explained below, SFR's purported inconsistencies are irrelevant to any material fact. Consequently, any intended discovery by SFR would constitute a pointless fishing expedition, while buying SFR more time to collect rental income from the properties at issue.

In light of the prevailing Ninth Circuit rulings on the sufficiency of evidence in Federal Foreclosure Bar litigation—and the Ninth Circuit's affirmance of a summary judgment granted over a Rule 56(d) objection in *Elmer*—courts in this District routinely deny Rule 56(d) requests. Most recently, one court issued a reasoned opinion denying a Rule 56(d) request by SFR, holding that evidence materially identical to that in the record here has "repeatedly been found as sufficient evidence establishing [an Enterprise's] property interest for purposes of the Federal Foreclosure Bar." Order, *Bank of Amer., N.A. v. SFR Invs. Pool 1, LLC*, No. 2:16-cv-2768-MMD, ECF No. 130 (D. Nev. June 4, 2019). As a result, the court reasoned that "no further discovery is warranted." *Id.*; *see also M&T Bank v. SFR Invs. Pool 1, LLC,* No. 2:17-cv-1867-JCM-CWH, 2018 WL 6003854, at *3 (D. Nev. Nov. 15, 2018).

SFR has no sound reason to expect this case to be any different from those seven Ninth Circuit opinions—SFR is uniquely familiar with the reliability of Enterprise business records and has already deposed Enterprise witnesses repeatedly. *See Berezovsky v. Moniz,* 869 F.3d 923, 929 (9th Cir. 2017); *FHFA v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1149 (9th Cir. 2018), *cert. denied*, No. 18-760, 2019 WL 1886041 (Apr. 29, 2019); *Saticoy Bay, LLC, Series 2714 Snapdragon v. Flagstar Bank, FSB*, 699 F. App'x 658 (9th Cir. 2017); *Elmer*, 707 F. App'x at 428; *Williston Inv. Grp., LLC v. JPMorgan Chase Bank, NA,* 736 F. App'x 168, 169 (9th Cir. 2018); *G&P Invs. Enters., LLC v. Barney*, 740 F. App'x 563, 564 (9th Cir. 2018); *JPMorgan Chase Bank, NA v. Las Vegas Dev. Grp.*, 740 F. App'x 153, 154 (9th Cir. 2018). Thus, SFR's

complaint that Plaintiffs "dumped thousands of documents—mainly consisting of [business records] . . . on SFR's proverbial doorstep," (ECF No. 132 at 2), just before filing the Motion for Summary Judgment is a red herring meant to convince this Court that SFR never had an opportunity to understand or investigate the evidence.[4] That's untrue. SFR was not prejudiced or at a disadvantage due to the timing of Plaintiffs' production of business records and the filing of the Motion for Summary Judgment, for at least two reasons. *First*, as frequent repeat players, SFR and its counsel are familiar with the format and content of the Enterprise business records at issue in this case and others like it. *Second*, SFR in substance granted itself a four-month extension of its deadline to respond to Plaintiffs' summary-judgment motion, thereby taking for itself more than ample time to analyze the supporting evidence. (*See* ECF No. 84 (SFR's October 14, 2018 motion to extend the time to respond to Plaintiff's Motion for Summary Judgment); ECF No. 95 (Plaintiffs' opposition to SFR's motion to extend time); ECF No. 115 (SFR's February 6, 2019 response to Plaintiff's Motion for Summary Judgment)). Notably, SFR never received the Court's permission to file such a late response to the Motion for Summary Judgment.

Consequently, the miniscule probative value of the discovery SFR seeks does not warrant the cost and burden of preparing and making available a witness to testify about numerous properties. But the imbalance between benefit and burden is of no concern to SFR, which has a strong economic incentive to pursue pointless discovery and to otherwise prolong the litigation regardless of the disparity. SFR bought the properties for far less than fair market value, but now collects rent at market rates. Until the cost of litigation consumes the entire spread, SFR has an obvious incentive to do whatever it can to forestall affirmance of this Court's judgment. By contrast, the Enterprises receive *no* return on their substantially larger, market investment in the

---

[4] SFR also makes the accusation that Plaintiffs "outright refused to provide SFR access to any documents listed in their July 30, 2018 initial disclosures." (ECF No. 132 at 2). This is obviously false; those are the documents Plaintiffs produced to SFR in response to its discovery request and attached to the MSJ they filed only a few weeks after the discovery conference. In any event, SFR misinterprets Rule 26(a)(1), which expressly authorized Plaintiffs to include in their initial disclosures "a description by category and location—of all documents . . . that the disclosing party . . . may use to support its claims" in lieu of producing documents at the outset. Fed. R. Civ. P. 26(a)(1)(A)(ii).

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

now-defaulted loans secured by the properties. In substance, therefore, until this case is finally resolved SFR will reap a return on the Enterprises' investment; it therefore has a strong incentive to stave off final resolution, perhaps by seeking to short-circuit its pending appeal by procuring a premature and unnecessary remand that could lead only to lengthy and unproductive discovery.

**II. SFR Has Failed to Meet Its Burden for Rule 56(d) Relief**

This Court should deny Rule 56(d) relief even if it believes SFR has carried its "extraordinary circumstances" burden for reconsideration under Rule 60(b). *Buck*, 137 S. Ct. at 777. Rule 56(d) requires the moving party to articulate specific facts that discovery would elicit and that would preclude summary judgment by creating a genuine dispute about a material fact. While a court may believe Rule 56(d) is warranted in some scenarios, this is not one of them. SFR has not and cannot identify any fact it wishes to investigate that could preclude or alter this Court's order awarding summary judgment in favor of Plaintiffs.

To warrant Rule 56(d) relief, a party carries the burden to show that the sought-after facts are essential to oppose summary judgment." *Midbrook*, 874 F.3d at 619-20. Yet here, SFR only seeks depositions with regarding to three topics: (1) why "the beneficiaries of the deeds of trust [do] not even match up with the entity Plaintiffs claimed were acting as their servicers during the relevant time periods," (ECF No. 132 at 2-3); (2) why "several deeds of trust were never assigned and still listed Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary (*id.* at 3); and (3) why Taylor Bean & Whitaker Mortgage Corp.'s ("TBW") appearance as a servicer in Freddie Mac's business records might create a dispute of material fact. (*id.*).

For the reasons below, SFR has not explained how any of these facts are essential to oppose summary judgment. Rather, Defendant's strategy is to engage in a costly fishing expedition in the hopes of casting doubt on the evidence produced by Plaintiffs. But the nonmoving party must show "more than 'metaphysical doubt as to the material facts.'" *Berezovsky*, 869 F.3d at 933 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986)). Accordingly, this Court should reject Defendant's attempt at seeking unnecessary, irrelevant, and duplicative discovery. *See, e.g., M&T Bank*, 2018 WL 6003854, at *3 (denying

Rule 56(d) relief in Federal Foreclosure Bar litigation). Rule 56(d) relief is unwarranted here.

**i. SFR Has Had an Opportunity to Conduct Discovery**

The first factor a court looks to in order to determine whether to grant Rule 56(d) relief is whether the moving party had an opportunity to conduct discovery. *Martinez,* 533 F. App'x at 761 (citing *Qualls.*, 22 F.3d at 844).

SFR has unquestionably had a sufficient opportunity to conduct discovery. In this case, as SFR concedes, it received initial disclosures and Plaintiffs' production of documents in response to SFR's "Requests for Production and Interrogatories." (*See* ECF No. 116 at 27.) SFR had the opportunity to review Plaintiffs' evidence over the course of four months before responding to Plaintiffs' Motion for Summary Judgement. Indeed, after reviewing Plaintiffs' documents, SFR itself moved for summary judgment, thereby indicating its belief that it could win without additional discovery. (*See* ECF No. 117.) Thus, this Court should view SFR's request for additional discovery with suspicion because SFR's decision to file its own summary judgment motion illustrates its belief that no discovery was warranted.

Nor should this Court ignore SFR's familiarity with Enterprise business records and their corporate practices. It would be one thing if SFR never had an opportunity to test its theories against Enterprise evidence. But that is not the case; SFR has examined Fannie Mae and Freddie Mac witnesses in at least 16 trials or depositions in cases presenting materially the same legal issues and Enterprise business records:

- SFR deposed another Fannie Mae employee, Eric Maltese, regarding the same topics in February 2018 for *SFR Invs. Pool 1, LLC v. Fannie Mae*, No. A-14-706235-C;
- SFR questioned Mr. Maltese at trial in April 2018 in *SFR Invs. Pool 1, LLC v. Fannie Mae*, No. A-13-678094-C;
- SFR deposed Mr. Maltese again in *Alessi & Koenig LLC v. Clapp*, A-15-713687-C on May 22, 2018;
- SFR once again deposed Mr. Maltese in May 2018 in *Fannie Mae v. SFR Invs. Pool 1, LLC*, No. A-13-685602-C.;
- SFR against deposed Mr. Maltese in July 2018 in *SFR Invs. Pool 1, LLC v. Ditech Financial LLC*, No. 1-14-695848-C;

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

- SFR deposed Mr. Maltese again in August 2018 in *Green Tree Servicing LLC v. SFR Invs. Pool 1, LLC*, No. A-15-722155-C.;
- SFR again questioned Mr. Maltese at trial in September 2018 in *Alessi & Koenig LLC v. Weiss*, No. A-13-690490-C;
- SFR also deposed Mr. Maltese in September 2018 in *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, No. A-13-681936-C.;
- Previously, SFR had questioned John Curcio, a former Fannie Mae employee, in July 2016 at the trial in *SFR Invs. Pool 1 LLC v. Green Tree Servicing*, No. A-13-691242-C.;
- SFR examined Mr. Curcio again in August 2016 at the trial in *Fannie Mae v. SFR Invs. Pool 1 LLC*, No. A- 13-692633-C;
- SFR also deposed Mr. Curcio in connection with a case in this District, *Fannie Mae v. SFR Invs. Pool 1*, No. 2:14-cv-2046-JAD-PAL, in February 2016.
- SFR has deposed Freddie Mac's declarant Dean Meyer in five separate cases, most recently in November and December 2018: *SFR Invs. Pool 1, LLC v. Bank of America, N.A.*, No. A-14-696138-C; *SFR Invs. Pool 1, LLC v. Bank of America, N.A.*, No. A-14-696561-C; *M&T Bank v. SFR Invs. Pool 1, LLC*, 2:17-cv-01867; *SFR Invs. Pool 1, LLC v. Washington Mutual Bank, FA*, No. A-12-672769-C; and *Ocwen Loan Servicing, LLC v. SFR Invs. Pool 1, LLC*, 2:17-cv-01757.

In each of these cases, SFR questioned the Enterprise witness at length about the Enterprise business records, attempting to call into question their relevance, competence accuracy, and reliability. SFR has had plenty of opportunity to understand the evidence and test its theories about Enterprise evidence, but it has been unable to identify any *material* issues with the business records or declarant testimony that would prevent summary judgment. Indeed, had SFR identified any weakness in Enterprise business records, SFR would have raised such issues in matters before this Court and the Ninth Circuit. But SFR has never done that because its repeated examinations of Enterprise witnesses have confirmed only one thing—Enterprise business records are reliable, accurate, and highly probative of Enterprise ownership of real estate mortgage loans. So while SFR may argue that it is required and entitled to test the evidence in every case, the fact that SFR has questioned Enterprise witnesses at least 16 times and *never* found that the business records were inaccurate or unreliable is independently indicative that more depositions are simply disproportionate to these needs of this case.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

Accordingly, this Court should not provide SFR with another fishing expedition in light of its repeated opportunities to examine Enterprise witnesses about Enterprise business records.[5]

**ii. SFR Failed to Diligently Seek Discovery**

The second factor a court looks to determine whether to grant Rule 56(d) relief is whether the moving party was diligent. *Martinez*, 533 F. App'x at 761 (citing *Pfingston*, 284 F.3d at 1005).

SFR fails this factor. In July 2018, Plaintiffs informed SFR that they intended to move for summary judgment and stay discovery. (*See* ECF Nos. 56, 57.) Nevertheless, SFR again did not seek to depose any Enterprise witness until December 2018, more than two months after Plaintiffs filed their Motion for Summary Judgment on September 19, 2018. SFR may argue that it never had a chance to conduct deposition discovery before this point because it claims Plaintiffs "dumped thousands of documents—mainly consisting of [business records] . . . on SFR's proverbial doorstep," (ECF No. 132 at 2), just before filing the Motion for Summary Judgment. But this argument ignores wholesale the fact that SFR and its counsel are familiar with Enterprise business records having litigated dozens of materially identical cases. SFR knew what evidence the Plaintiffs would disclose and use to support the Motion for Summary Judgment, but nevertheless, did not seek depositions until many months later. Moreover, SFR issued a discovery request to which Plaintiffs responded by producing Enterprise business records for each of the properties at issue in this case. If SFR or its counsel had specific questions about the business records Plaintiffs produced, SFR could have issued interrogatories, but it did not. SFR and its counsel cannot explain away the absence of its diligence regarding discovery in light of their experience and awareness of Enterprise evidence in Federal

---

[5] Nor should the Court construe these repeated depositions as suggestive of a relatively small burden on the Enterprises to prepare a witness. Unlike previous depositions that focused on ownership of a *single* property, the depositions here would focus on 83 properties, thereby substantially increasing the burden on the Enterprises to prepare a witness. In addition, Enterprise corporate witnesses have full-time jobs at each Enterprise. Their jobs are critical to the efficient operation of the Enterprises and time spent preparing for a deposition involving dozens of properties would necessarily have a detrimental impact on each witness' professional obligations. In any event, because the depositions seek disproportionate discovery entirely unnecessary based on Ninth Circuit authority, *any* burden on the Enterprises is excessive.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

Foreclosure Bar litigation. Nor can SFR explain why it granted itself a four-month extension to respond to Motion for Summary Judgment without leave of this Court.

Given SFR's familiarity with Enterprise business records and its experience litigating the Federal Foreclosure Bar, SFR was aware of the issues presented and knowledgeable about Enterprise business records. Any party in SFR's position would have diligently sought depositions or issued specific interrogatories had it truly believed discovery was necessary. But SFR did not. Instead, it waited many months after Plaintiffs moved for summary judgment. This Court should find that such behavior lacks the diligence necessary to support Rule 56(d) relief.

**iii. SFR's Evidentiary Theories Are Based on Metaphysical Doubt and Speculation**

The third factor is whether the moving party's discovery requests are based on speculation. *Nordstrom*, 54 F.3d at 1436-37.

This factor also weighs against SFR because it bases its Rule 56(d) request on mere speculation. As noted above, SFR has questioned Enterprise witnesses in trials and depositions at least 16 times in related Federal Foreclosure Bar litigation. Yet, despite SFR's exhaustive investigation of Enterprise witnesses and analysis of Enterprise business records over the years, SFR has never identified any inaccuracy or reason to believe Enterprise business records are inaccurate. Indeed, SFR's failure to identify inaccuracies in Enterprise business records aligns with Ninth Circuit authority; having reviewed and analyzed Enterprise business records in *seven* appeals, the Ninth Circuit has confirmed that Enterprise business records are "sufficient" to prove that an Enterprise owned a loan. *See e.g.*, *Williston*, 736 F. App'x at 169. This Ninth Circuit holding recognizes that where business records are submitted, their "*accuracy is assured* because the maker of the record relies on the record in the ordinary course of business activities." *City of Long Beach*, 46 F.3d at 937 (internal citation omitted) (emphasis added). Consequently, SFR does not ground its discovery requests on any articulable and objective belief that Enterprise business records are wrong. Instead, SFR merely speculates and hopes that a *seventeenth* examination of an Enterprise witness will reject what the Ninth Circuit has already held, chiefly that Enterprise business records are reliable with "assured" accuracy.

FENNEMORE CRAIG, P.C.
300 E. SECOND ST.
SUITE 1510
RENO, NEVADA 89501
(775) 788-2200

**iv. SFR Fails to Identify Any Material Fact That Would Create a Genuine Dispute to Preclude Summary Judgment**

The fourth factor for a court to consider—which is also a factor that SFR must show as part of its Rule 56(d) burden—is whether allowing additional discovery would preclude summary judgment. *See Michelman*, 685 F.3d at 892; *Midbrook*, 874 F.3d at 619-20. However, SFR has not identified any fact it wishes to discover that would have precluded this Court from awarding summary judgment in favor of Plaintiffs. Indeed, each fact SFR says warrants investigation is irrelevant, consistent with Enterprise ownership of each loan, or a mischaracterization of the record.

SFR first argues that "the beneficiaries of the deeds of trust did not even match up with the entity Plaintiffs claimed were acting as their servicers during the relevant time periods." (ECF No. 132 at 2-3.) But even if this were true, it does not create a genuine dispute of any material fact. As Plaintiffs explained in their Motion for Summary Judgment, with respect to nine of the 83 Properties, servicing of the associated Loan was transferred from the beneficiary-of-record servicer (the "Transferor Servicer") to a new servicer (the "Transferee Servicer") before the HOA Sale, but an assignment of the deed of trust was not executed or recorded until after the HOA Sale was completed. Under the Guides for each Enterprise, Transferor Servicers are not released from their contractual obligations, thereby maintaining a contractual relationship with the Enterprises that preserve the Enterprises' ownership of those Loans. (*See* ECF No. 66 at 19 (Fannie Mae Guide Section A2-7-03 provides that a transferee servicer's assumption of responsibilities "will in no way release the transferor servicer from its contractual obligations related to the transferred mortgage loans"); *id.* (Freddie Mac Guide Section 7101.15(a) provides similar obligations)). Thus, at the time of the HOA Sales, even though Enterprise business records listed a servicer different than the beneficiary of record of a deed of trust, that does not create a genuine dispute about whether an Enterprise had a property interest under Nevada law. As the Ninth Circuit and Nevada Supreme Court have explained, so long as the beneficiary of the deed of trust is in an appropriate contractual relationship with the loan owner, then the loan owner (i.e. the Enterprise), maintains its property interest. *Berezovsky*, 869 F.3d at 932; *In re*

*Montierth*, 354 P.3d 648, 650-51 (Nev. 2015).

Next, SFR claims that "several deeds of trust were never assigned and still listed Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary." (ECF No. 132 at 3.) Again, this fact does not create a genuine dispute regarding an Enterprise's ownership of loan. Instead, MERS's presence as the beneficiary of record *confirms* an Enterprise's property interest. The Ninth Circuit has noted that while "MERS, as the 'nominee' of the lender and of any assignee of the lender, is designated . . . as the 'beneficiary' . . . under the deed of trust," a "lender *owns* the home loan borrower's . . . promissory note." *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 776 (9th Cir. 2014) (emphasis added). The true owner of the loan is the lender, its successor, or its assignee—not MERS. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1039 (9th Cir. 2011).

And more importantly, on point authority from the Nevada Supreme Court confirms that where MERS appears as beneficiary of record, the loan owner maintains a property interest as a secured creditor. The Nevada Supreme Court in *Montierth* recognized that an entity which owned a loan was a secured creditor—meaning that it had a property interest in the collateral—while MERS, an entity with which it had an agency or contractual relationship, was record beneficiary of the deed of trust. *See Montierth*, 354 P.3d at 651 (citing Restatement § 5.4). The Restatement, which *Montierth* adopts, explains the relationship between "institutional purchasers of loans" and their authorized representatives, and states that when a servicer or nominee appears in the public records as beneficiary of a mortgage, "[i]t is clear in this situation that the owner of both the note and mortgage is the investor and not the servicer." Restatement § 5.4 cmt. c.

The same is true here. As explained in Plaintiffs' Motion for Summary Judgment, MERS appears as beneficiary of record in its capacity as a nominee for the Lender and the Lender's successors and assigns, which in this case includes the Enterprises. (*See* ECF No. 66 at 10-12.) And as the nominee, MERS appears as each Enterprise's contractually authorized representative in which the Guides and the MERS System Rules of Membership provide the terms of that relationship. *See id.*; Miller Decl. ¶ 7, Ex. B at B869-70, ECF No. 67; Meyer Decl. Ex. 1 at C111-13, ECF No. 68. And where MERS appears on behalf of an Enterprise, the Ninth Circuit

and the Nevada Supreme Court recognize that in such a situation the loan owner retains a property interest. *Montierth*, 354 P.3d at 650-51 (holding that a loan owner has a property interest where MERS appears as beneficiary of record); *Elmer*, 707 F. App'x at 428 (affirming summary judgment in Freddie Mac's favor where MERS appeared as the nominee and beneficiary of record).

Finally, SFR's contention that TBW's appearance as a servicer in Freddie Mac's business records for two of the properties fails to create a genuine dispute with regard to whether Freddie Mac had an interest in these properties. (ECF No. 132 at 3.) Indeed, SFR's argument is built on its mischaracterization of Freddie Mac's business records. Freddie Mac's business records indicate that Ocwen Loan Servicing, LLC ("Ocwen") was servicing the loan secured by the Brilliant Summit property as an "interim servicer," and, for the Silver Brook Property, servicing had transferred from TBW to Nationstar. *See* Meyer Decl. ¶¶ 146-152, 216-222, ECF No. 168. Thus, Freddie Mac's business records do not "defy reality" as SFR suggests, but instead the records accurately reflect that soon after TBW went out of business, its servicing responsibilities transferred to other entities. Nor can SFR do anything except convey its metaphysical doubt that TBW actually sold these loans to Freddie Mac. To the contrary, the admissible evidence supporting Plaintiffs' Motion for Summary Judgment included Enterprise business records that the Ninth Circuit characterizes as "*reliable and uncontroverted evidence*" that the Enterprises owned each of the loans. *Elmer*, 707 F. App'x at 428 (emphasis added). Among other things, these records confirm that Enterprises received monthly reporting (and ,when appropriate, remittances) from the entities servicing these loans before, at the time of, and after the HOA Sales—which could not and would not have happened if the Enterprises did not own the loans. As a result, SFR's metaphysical doubt whether the business records are sufficient to establish what they unambiguously show cannot justify its desired fishing expedition.

Accordingly, SFR has not met its burden to justify additional discovery through a Rule 56(d) request and this Court should deny its Motion for Reconsideration.

///

///

**CONCLUSION**

Plaintiffs respectfully request that this Court deny SFR's Motion for Reconsideration. The Ninth Circuit is familiar with the evidentiary issues present in Federal Foreclosure Bar litigation and therefore is in a prime position to determine whether Rule 56(d) relief was warranted. Thus, the most efficient way forward is to deny SFR's motion and let the Ninth Circuit ultimately decide whether Rule 56(d) relief is warranted in these types of cases.

DATED: June 20, 2019.

**FENNEMORE CRAIG, P.C.**

By: /s/ Leslie Bryan Hart
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
300 E. Second St., Suite 1510
Reno, Nevada 89501
Tel: 775-788-2228 Fax: 775-788-2229
lhart@fclaw.com; jtennert@fclaw.com
*Attorneys for Plaintiffs Federal Housing Financing Agency and Federal Home Loan Mortgage Corporation*

and

**MCGUIREWOODS LLP**

By: /s/ John H. Maddock
John H. Maddock III, Esq.
Tennille J. Checkovich, Esq.
Michael W. Stark, Esq.
(Admitted *Pro Hac Vice*)
*Attorneys for Plaintiff Federal Home Loan Mortgage Corporation*

**SNELL & WILMER LLP**

By: /s/ Erica J. Stutman
Amy F. Sorenson, Esq. (SBN 12495)
Erica J. Stutman, Esq. (SBN 10794)
Robin E. Perkins, Esq. (SBN 9891)
Kelly H. Dove, Esq. (SBN 10569)
3883 Howard Hughes Pkwy, Suite 1100
Las Vegas, NV 89169
Tel: 702-784-5200 Fax: 702-784-5252
asorenson@swlaw.com
estutman@swlaw.com
rperkins@swlaw.com
kdove@sw.law.com

*Attorneys for Plaintiff Federal National Mortgage Association*

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on June 20, 2019, a true and correct copy of **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION,** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's e-filing system, then a true and correct paper copy of the foregoing document was delivered via U.S. Mail.

Jeanette E. McPherson bkfilings@s-mlaw.com
Karen L. Hanks karen@kgelegal.com
Diana S. Ebron diana@kgelegal.com
Jacqueline A. Gilbert jackie@kgelegal.com
Jesse N Panoff jesse@kgelegal.com

/s/ Pamela Carmon
An Employee of Fennemore Craig